UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVANTUS, CORP.,

    Plaintiff,

v.   CASE NO. 3:10-cv-00993-J-34JBT

CONTINENTAL CASUALTY COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition of Christine Gargano ("Motion") (Doc. 20) and Defendant Continental's Opposition thereto ("Opposition") (Doc. 26).

In the Motion, Plaintiff seeks an order compelling Defendant to produce its employee, Christine Gargano ("Ms. Gargano"), for a deposition in Jacksonville, Florida, during the week of February 14, 2011.[1] (Doc. 20.) Defendant requests that the Motion be denied and that the Court permit the deposition of Ms. Gargano to take place on March 16 or 17, 2011, in New Jersey, where Ms. Gargano resides and works. (Doc. 26.)

The deposition of Ms. Gargano was originally scheduled by Plaintiff for December 17, 2010, but due to the witness's unavailability, it was rescheduled for January 27, 2011, in New Jersey. (Doc. 20, Exs. C, D, E, F.) On January 24, 2011,

---

[1] Plaintiff filed the Motion on January 31, 2011. (Doc. 20.) Under the Local Rules, Defendant's response thereto was due on February 17, 2011. *See* M.D. Fla. R. 3.01(b). Although Plaintiff did not request a shorter response time, on February 1, 2011, the Court, *sua sponte*, ordered Defendant to "file a response to the Motion on or before February 10, 2011." (Doc. 21.)

counsel for Defendant contacted counsel for Plaintiff via e-mail, and stated that Ms. Gargano would not be available for deposition on January 27, 2011, but would be available during the week of February 14, 2011, except on February 16, 2011. (*Id.*, Ex. G.) On January 29, 2011, counsel for Defendant informed counsel for Plaintiff via e-mail that Ms. Gargano cannot be produced for a deposition on February 17, 18, or 23 due to scheduling conflicts, and, instead, proposed that the deposition take place on March 16 or 17, 2011. (*Id.*, Ex. H.)

Although the Court is concerned with the multiple unilateral reschedulings of the subject deposition, the Court believes it is impractical and unjustified to order Ms. Gargano to appear for a deposition in Florida this week. Although it appears the deposition should have occurred earlier, the Court sees no compelling reason to force the rescheduling of the deposition prior to March 16, 2011, given the unavailability of Mr. McNulty prior to that date and the fact that it is now February 14, 2011. In addition, Plaintiff does not claim its counsel is unavailable on that date.

The Court has also considered that Plaintiff has requested no alternative relief other than an order that the subject deposition be taken in Jacksonville this week. Finally, Defendant does not appear to be acting in bad faith in the face of its scheduling conflicts. However, the Court would not look favorably on any further unilateral rescheduling of this deposition by Defendant. Therefore, the Motion is due to be denied, including the request for sanctions.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 20**) is **DENIED**.  Sanctions are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on February 14, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record